IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUAN BASKIN, # 291044, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:15cv688-WKW |
| | )           (WO) |
| CHRISTOPHER GORDY, *et al*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on Juan Baskin's ("Baskin") petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. Nos. 1 & 3. Baskin, an Alabama prisoner serving a 20-year sentence for felony murder, presents claims premised on the argument that the trial court in his case—the Circuit Court of Montgomery County—did not have subject matter jurisdiction to render judgment and impose sentence. The respondents argue that Baskin's petition should be dismissed without prejudice to allow him to exhaust his claims in the state courts. Doc. No. 14. Specifically, the respondents maintain that Baskin's claims regarding the trial court's alleged lack of jurisdiction are still pending in the state courts in a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *Id*. Baskin was afforded an opportunity to show cause why his petition should not be dismissed based on his failure to exhaust (Doc. No. 15), but he has filed no response.

**DISCUSSION**

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A); *see*

*O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)."). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra*, 526 U.S. at 845. The same reasoning applies for state post-conviction appeals and for direct appeals. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The court's review of the pleadings and evidentiary materials filed in this case indicates that Baskin has not exhausted his available state court remedies regarding the claims in his § 2254 petition. As the respondents maintain, Baskin's claims regarding the trial court's alleged lack of jurisdiction are pending in the state courts in a petition for post-conviction relief under Ala.R.Crim.P. 32. This court does not deem it appropriate to rule on the merits of a habeas petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to afford Baskin an opportunity to exhaust all state court remedies available to him.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **December 17, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of December, 2015.

                                                          /s/ Gray M. Borden
                                        UNITED STATES MAGISTRATE JUDGE